<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JHONNY ISMAEL VERA-CARRENO,<br><br>                    *Petitioner*,<br><br>          v.<br><br>WARDEN, ELIZABETH CONTRACT<br>DETENTION FACILITY, *et al.*,<br><br>                    *Respondents*. | Civil Action No. 26-cv-03204<br><br>**ORDER**<br><br>April 16, 2026 |

    **THIS MATTER** comes before the Court upon the request of the Office of the Federal Public Defender, submitted by Assistant Federal Public Defender Shaiba Rather, seeking appointment as counsel for Petitioner Jhonny Ismael Vera-Carreno in the above-captioned habeas proceeding pursuant to 28 U.S.C. § 2241.  (ECF No. 9.)

    Petitioner commenced this action *pro se* on March 25, 2026, challenging the legality of his immigration detention.  (ECF No. 1.)  On March 30, 2026, the Court ordered Respondents to show cause why the Petition should not be granted.  (ECF No. 4.)  Respondents filed a response on April 2, 2026, asserting, *inter alia*, that Petitioner is subject to mandatory detention under 8 U.S.C. §§ 1225(b)(2) and 1226(c), and to the extent that Petitioner wishes to challenge his mandatory detention under 1226(c), the Court lacks jurisdiction to adjudicate that claim.  (ECF No. 6.) Thereafter, Respondents advised the Court that Petitioner is the subject of pending federal criminal charges and that, although he has been released on conditions in that matter, he remains in

immigration custody.[1]  (ECF No. 8.)

The Federal Public Defender now seeks appointment, noting the close nexus between this habeas matter and Petitioner's pending criminal case, *United States v. Vera-Carreno*, Mag. No. 26-12073, in which that Office has already been appointed.  (ECF No. 9.)

There is no constitutional right to counsel in a habeas proceeding under 28 U.S.C. § 2241. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (holding that the right to appointed counsel extends only to the first appeal of right).  However, pursuant to 18 U.S.C. § 3006A(a)(2)(B), a court may appoint counsel for a financially eligible habeas petitioner whenever "the interests of justice so require."  In determining whether appointment is warranted, courts consider, among other factors, the complexity of the legal issues, the petitioner's ability to present his claims, and whether the appointment of counsel would aid in the resolution of the matter.  *See Reese v. Fulcomer*, 946 F.2d 247, 263–64 (3d Cir. 1991) (articulating factors governing discretionary appointment of counsel in habeas proceedings), superseded on other grounds; *see also Tabron v. Grace*, 6 F.3d 147, 155–57 (3d Cir. 1993) (identifying similar considerations in civil matters).

Upon review, the Court finds that appointment of counsel is warranted in this case.  The Petition raises issues concerning the statutory basis for Petitioner's immigration detention, including the interaction between 8 U.S.C. §§ 1225(b), 1226(a), and 1226(c), as well as the effect of pending federal criminal charges on the legality of continued detention. (ECF Nos. 1, 6.)  These issues are legally complex and are the subject of evolving jurisprudence within this District and beyond.  Moreover, the record reflects that Petitioner is simultaneously involved in a pending federal criminal proceeding in which he has been ordered released on conditions, yet remains

---

[1] Petitioner has been charged with Assaulting, Resisting, and Impeding Certain Officers or Employees pursuant to 18 U.S.C §§ 111(a)(1) and (b), in connection with his ICE arrest.  *See United States v. Vera-Carreno*, Mag. No. 26-12073.

detained by immigration authorities. (ECF Nos. 8, 9.)

Given the overlap between the criminal and immigration proceedings, the Court finds that representation by the Office of the Federal Public Defender—already appointed in the criminal matter—will promote efficiency, ensure coordinated advocacy, and assist the Court in resolving the issues presented.  The Court further notes that Petitioner is currently proceeding *pro se* in a matter involving represented federal respondents and expedited briefing.  (ECF No. 4.)  Under these circumstances, the interests of justice favor appointment of counsel.

Accordingly, **IT IS** on this 16th day of April 2026,

**ORDERED** that the request for appointment of counsel (ECF No. 9) is **GRANTED**; and it is further

**ORDERED** that the Office of the Federal Public Defender is hereby appointed to represent Petitioner in this matter pursuant to 18 U.S.C. § 3006A(a)(2)(B); and it is further

**ORDERED** that counsel shall enter an appearance on the docket within seven (7) days of this Order; and it is further

**ORDERED** that counsel may file a Reply in support of the Petition within seven (7) days of the entry of appearance.

**SO ORDERED**.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

3