<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

JHONNY ISMAEL VERA-CARRENO,

                    *Petitioner*,

              v.

WARDEN, et al.,

                    *Respondents*.

Civil Action No. 26-cv-03204

**ORDER**

May 4, 2026

       **THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Petitioner Jhonny Ismael Vera-Carreno ("Petitioner"), pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his immigration detention without bond (ECF No. 1); and

       **WHEREAS**, Petitioner contends that Respondents are unlawfully detaining him without the possibility of bond in violation of the Immigration and Nationality Act and the Due Process Clause of the Fifth and Eighth Amendments, (*id.* at 2); and

       **WHEREAS**, Petitioner is a native and citizen of Ecuador who entered the United States in November 2023 and has resided here continuously while pursuing a pending application for asylum (*see id.* at 4; *see also* ECF No. 6 at 2); and

       **WHEREAS**, Petitioner was granted employment authorization, obtained a Social Security number, and has complied with all immigration reporting requirements, including attending all required check-ins (ECF No. 1 at 1, 11); and

       **WHEREAS**, on March 17, 2026, Petitioner was arrested by United States Immigration and Customs Enforcement ("ICE") outside his residence in Newark, New Jersey, and is presently

detained at the Elizabeth Contract Detention Facility in Elizabeth, New Jersey (*see id.*); and

**WHEREAS**, Petitioner alleges that he has no criminal record, and poses neither a danger to the community nor a risk of flight (*see id.* at 2, 13); and

**WHEREAS**, Respondents filed a Response to the Petition on April 2, 2026, asserting that Petitioner is subject to mandatory detention under both 8 U.S.C. §§ 1225(b)(2) and 1226(c)(1), while acknowledging that courts in this District have repeatedly rejected the Government's position as to § 1225(b)(2)[1] (ECF No. 6); and

**WHEREAS**, Respondents' initial reliance on § 1226(c) was predicated on pending federal criminal charges for assaulting, resisting, and impeding a law enforcement officer (*see* ECF No. 6 at 1–2); and

**WHEREAS**, on April 21, 2026, Respondents submitted a status update informing the Court that those criminal charges were dismissed without prejudice[2] and expressly withdrawing their argument that Petitioner is subject to mandatory detention under § 1226(c) (ECF No. 11); and

**WHEREAS**, Respondents now maintain only that Petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(2), while alternatively requesting that, should the Court find § 1226

---

[1] *See, e.g.*, *Marca Lemu v. Soto*, No. 25-cv-17098 (RMB), 2025 WL 3470298 (D.N.J. Dec. 3, 2025); *Perez v. Lyons*, No. 25-cv-17186 (ESK), 2025 WL 3238540 (D.N.J. Nov. 19, 2025); *Ayala Amaya v. Bondi*, No. 25-16427 (ESK), 2025 WL 3033880 (D.N.J. Oct. 30, 2025); *Smit Patel v. Almodovar*, No. 25-15345 (SDW), 2025 WL 3012323 (D.N.J. Oct. 28, 2025); *Lomeu v. Lyons*, No. 25-16589 (EP), 2025 WL 2981296 (D.N.J. Oct. 23, 2025); *Contreras Maldonado v. Cabezas,* No. 25-13004 (JKS), 2025 WL 2985256, at *2 (D.N.J. Oct. 23, 2025); *Soto v. Soto*, No. 25-16200 (CPO), 2025 WL 2976572 (D.N.J. Oct. 22, 2025); *Castillo v. Lyons*, No. 25-16219 (MEF), 2025 WL 2940990 (D.N.J. Oct. 10, 2025); *Rivera Zumba v. Bondi*, No. 25-14626 (KSH), 2025 WL 2753496 (D.N.J. Sept. 26, 2025), *appeal filed sub nom. Rivera Zumba v. U.S. Attorney Gen.*, No. 25-3328 (3d Cir. Dec. 2, 2025).

[2] *See* Case No. 26-mj-12073 (JBC).

applicable, the Court order a bond hearing rather than immediate release (*id*.); and

**WHEREAS**, Respondents have not alleged that Petitioner poses a danger to the community or a risk of flight (*see* ECF Nos. 6, 11); and

**WHEREAS**, the Court has reviewed the Petition (ECF No. 1), the Response (ECF No. 6), and the subsequent status update (ECF No. 11), and resolves the matter on the controlling statutory framework; and

**WHEREAS**, Petitioner is being unlawfully detained under 8 U.S.C. § 1225. However, as set forth in this Court's recent decision in *Bethancourt Soto v. Soto*, 807 F. Supp. 3d 397 (D.N.J. 2025), Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond; and

**WHEREAS**, the Court notes that federal courts have in near unanimity similarly rejected the Government's position in approximately 300 cases to date. *See, e.g.*, *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. Nov. 18, 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); and

**WHEREAS**, under these circumstances, "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediately release him and enjoin the Government from further similar transgressions." *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there

3

were other bases for the petitioners to be subsequently detained[.]" *Id.* at 366. The Court declines to allow *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. *See, e.g.*, *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 782 (E.D. Mich. 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning."); therefore

**IT IS,** on this 4th day of May 2026,

**ORDERED** that Petitioner's § 2241 Petition (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner within 24 hours of this Order, under the same conditions that existed prior to his detention; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

**ORDERED** that Respondents are **ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to his; and it is further

4

**ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

/s/ Jamel K. Semper
**HON. JAMEL K. SEMPER**
**United States District Judge**